IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RICHARD FUSELIER,

        Plaintiff,

  v.

UNITED STATES,

        Defendant.

CV 09-1412-BR

OPINION AND ORDER

    RICHARD FUSELIER
    3527 Ambassador Caffery #32
    Lafayette, LA  70503

        Plaintiff *Pro Se*

    DWIGHT C. HOLTON
    United States Attorney
    ADAM D. STRAIT
    Trial Attorney, Tax Division
    U.S. Department of Justice
    P.O. Box 683
    Ben Franklin Station
    Washington, D.C. 20044-0683

        Attorneys for Defendant

1 - OPINION AND ORDER -

BROWN, Judge.

Plaintiff brings this civil action *pro se*. Currently before the Court is Defendant's Motion to Dismiss (#37). For the reasons set forth below, Defendant's Motion is GRANTED, and Plaintiff's Complaint is DISMISSED with prejudice.

## BACKGROUND

Plaintiff brings this action in an attempt to enforce a purported "foreign judgment." The purported "foreign judgment" is in fact an "Order" issued by the "Common Law Court of the United States of America." The "Order" purports to confer immunity from tax actions on Plaintiff.

## DISCUSSION

Plaintiff's Complaint suffers from multiple defects. First, pursuant to the Anti-Injunction Act, 26 U.S.C. § 7421(a), with certain limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." If a suit seeks to restrain the collection of a tax and does not fall within one of the statute's enumerated exceptions or judicially created exceptions, it must be dismissed for lack of subject matter jurisdiction. *See Sokolow v. United States*, 169 F.3d 663, 665 (9th Cir. 1999); *Blech v. United States*, 595 F.2d 462, 466 (9th Cir. 1979).

The purported "Order" Plaintiff seeks to enforce herein claims to enjoin the United States from "prosecuting various collection actions in administrative proceedings and in United States courts pending appeal in the Supreme Court." Plaintiff has not established that this "Order" falls within any of the exceptions to the Anti-Injunction Act. Accordingly, this Court lacks subject matter jurisdiction, and Plaintiff's Complaint must be dismissed.

Second, "[t]he United States is immune from suit unless it consents to waive its sovereign immunity." *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997). If the United States has not waived immunity, this Court lacks subject matter jurisdiction over the suit. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007). Plaintiff has not identified any valid consent to suit by the United States.

Finally, to avoid dismissal, a complaint must present a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plaintiff has not done so. As Plaintiff himself has previously been advised, the "Common Law Court of the United States of America" is fictitious. *See United States v. Fuselier*, 2008 WL 352207, *1 (W.D. La., Feb. 7, 2008); *see also Scotka v. State*, 856 S.W.2d 790, 791-92 (Tex. App. 1993) (appellant failed to show "Common Law Court of the United States" even exists under the United States Constitution or by act of

3 - OPINION AND ORDER -

Congress). As such, Plaintiff's attempt to execute a purported judgment from this fictitious entity does not present a claim for relief that is plausible on its face.

## CONCLUSION

For these reasons, the Court GRANTS Defendant's Motion to Dismiss (#37). Because there is not any basis on which Plaintiff could re-plead a plausible claim that cures the defects in his Complaint, the Court **DISMISSES** Plaintiff's Complaint with prejudice. All other pending motions are hereby DENIED AS MOOT.

IT IS SO ORDERED.

DATED this  9th day of September, 2010.

                        /s/ Anna J. Brown
                        ANNA J. BROWN
                        United States District Judge

4 - OPINION AND ORDER -